# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEHOVAH HOLY-SPIRIT JESUS,
ALSO LEGALLY KNOWN AS JOHN
DANIEL JESUS, ALSO LEGALLY
KNOWN AS ROBERT MICHAEL
HANSIN, ALSO LEGALLY KNOWN
AS STEVEN ALLAN SUMMERS, ALSO LEGALLY
KNOWN AS DON LEWIS, ALSO KNOWN AS
THE REVEREND ZANESMEISTER,
    Plaintiff,

    v.                        Case No. 08-C-926

TEDIA GAMBINO, THOMAS EARL,
GEORGE ALEX, JR., MICHELLE HULAGUAARD,
DENNIS KRUEGER, DANIEL SLAK,
CAROL WAGNER, LESLIE KASTEN,
PATRICK CONKLIN, MICHAEL BOHREN,
KATHY CLEARY, PATRICK HAUGHNEY,
MICHAEL D. MOORE, AL BIER,
JOHN JOHNSON, Muskego Police Officers ROBERT TROMP,
JOHN WALEJEWSKI, ANDREW KRAUSE and
FANDRE,
    Defendants.

## DECISION AND ORDER

On October 30, 2008, the plaintiff, Jehovah Holy-Spirit Jesus, who is proceeding pro se, filed a complaint. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The petition will be denied.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47).

In this case, the complaint fails to give the defendants notice of the claim and the grounds upon which it rests. The complaint is 22 pages long including exhibits which are interspersed throughout. It is single-spaced, rambling and incoherent. "A district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice, thus barring the filing of an amended complaint." Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 750 (7th Cir. Ill. 2005) (internal citations omitted). Although a confusing pleading is not ordinarily a fatal defect, "it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." Id. (citing United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 376, 378-79 [7th Cir. 2003]; Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437 [8th Cir. 1983] [per curiam]). Accordingly, the plaintiff's complaint will be dismissed without prejudice.

The court makes several observations, however. Federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-89 (1936); see also, Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996). The presence of federal question jurisdiction is determined by the plaintiff's complaint. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law

creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law", in that "federal law is a necessary element of one of the well-pleaded . . . claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988) (citations omitted). In addition to federal question jurisdiction, a federal court has subject matter jurisdiction over cases in which there is diversity of citizenship of the parties and the amount in controversy is greater than $ 75,000. See 28 U.S.C. § 1332.

The court further notes that several paragraphs of the complaint recite an incident which occurred with members of the Muskego Police Department. The plaintiff does not indicate what day the incident occurred. Moreover, although the plaintiff asserts that police officer John Walejewski charged at him and swung toward his mouth area, it does not appear that Officer Walejewski hit him or physically injured him. Additionally, with respect to any allegations arising out of either the plaintiff's eviction from his home in Muskego, Wisconsin, or the probate case of Clarence John Wagner, the Rooker-Feldman doctrine may bar the plaintiff's claims. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Accordingly, in light of the foregoing, the plaintiff's request to proceed in forma pauperis in this action will be denied and this action will be dismissed without prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for to proceed in forma pauperis be and hereby is **denied**. (Docket #2). However, the plaintiff may re-plead his claims, if he so chooses, to make clear the nature of his claims and the basis for this court's jurisdiction. Such amended complaint must be filed by January 20, 2009.

-3-

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed without prejudice.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17 day of December, 2008.

BY THE COURT:

/s_____
Lynn Adelman
United States District Judge